# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 421 | **DATE** | 8/15/2000 |
| **CASE TITLE** | U.S.A. ex rel: Anthony D. Smith vs. Michael Holmes | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth above, the petition for habeas corpus is denied.
(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | AUG 16 2000 date docketed |
| ✓ | Docketing to mail notices. | |
| ✓ | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| WAH | courtroom deputy's initials | ED-7 FILED FOR DOCKETING 00 AUG 15 PM 3:51 |
| | | Date/time received in central Clerk's Office |
| | | date mailed notice |
| | | mailing deputy initials |

Document Number 22

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
AUG 1 6 2000

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ANTHONY D. SMITH, | ) ) ) |
| Petitioner, | ) ) ) |
| vs. | ) No. 00 C 421 ) |
| MICHAEL HOLMES, Warden, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner Anthony Smith, a prisoner at Big Muddy Correctional Center, brings this petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is denied.

## BACKGROUND

In July 1979, a jury convicted petitioner of first degree murder, armed robbery and armed violence. The jury found that on the evening of October 11, 1978, petitioner and his two co-defendants robbed and fatally shot a man. The evidence at trial established that petitioner was the shooter. Petitioner was sentenced to 60 years for the murder conviction and 50 years each for the armed robbery and armed violence convictions. The verdict and sentences were upheld on appeal. People v. Smith, 418 N.E.2d 172 (Ill. App. 1 Dist. 1981). On December 6, 1983, petitioner filed his first petition for post-conviction relief. The circuit court dismissed that petition on March 11, 1986. Petitioner appealed and on November 11, 1988, the Illinois Appellate Court reduced the sentences for the armed robbery and armed violence convictions,

but otherwise denied the post-conviction appeal. Petitioner did not seek leave to appeal with the Illinois Supreme Court.

Several years later, in December 1996, one of petitioner's co-defendants testified in an affidavit that he, and not petitioner, was the shooter on the night of the crime.[1] Based on this admission, petitioner filed a second petition for post-conviction relief on May 22, 1997. In an order dated July 22, 1997, the circuit court held that since the petition was filed more than six months after the termination of the direct appeal and more than three years after the date of conviction, it was untimely under 725 ILCS 5/122-1. The Illinois Appellate Court affirmed the dismissal on September 25, 1998, and on March 31, 1999, the Illinois Supreme Court denied leave to appeal. On January 21, 2000, petitioner filed for *habeas* relief. The state now challenges the *habeas* petition on timeliness grounds.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) generally provides that a prisoner must file his *habeas corpus* petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244 (d)(1)(A). For prisoners whose convictions became final prior to the effective date of the AEDPA, the one-year limitations period began to run on April 24, 1996. *See* Lindh v. Murphy, 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997). Therefore, a prisoner convicted before the AEDPA went into

---

[1] Notably, the confessing co-defendant has already served his prison term for his involvement in the crimes.

effect, like petitioner, generally had to file his *habeas* petition by April 24, 1997, or forfeit his ability to seek relief in federal court. Petitioner filed his *habeas* petition on January 21, 2000.

Petitioner attempts to avoid default by invoking two exceptions to the one-year limitations period provided under the AEDPA. First, petitioner points out that while the limitations period usually begins to run once the judgment becomes final, it will commence on a later date if state action in violation of constitutional or federal law prevented petitioner from seeking *habeas* relief. 28 U.S.C. § 2244(d)(1)(B). Petitioner contends that the state refused to provide him with a copy of the trial transcript until June 15, 1998, thereby impeding his ability to file a *habeas* petition. Petitioner argues that this dereliction on the part of the state delayed commencement of the AEDPA's one-year limitations period until June 15, 1998.[2] Realizing that this first argument does not get him all the way home, petitioner also invokes the AEDPA's tolling provision. The AEDPA provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection." 28 U.S.C. § 2244(d)(2). Based on this rule, petitioner argues that the limitations period was suspended during the pendency of his second state court post-conviction proceeding. Since that petition remained pending until March 31, 1999, when the Illinois Supreme Court denied leave to appeal, petitioner argues that he had until March 31, 2000 to

---

[2]A more plausible argument, relying on 28 U.S.C. § 2244(d)(1)(D), would be that the limitations period did not commence until petitioner received his co-defendant's affidavit in December 1996. But a December 1996 commencement date does not help petitioner's cause. Even if we assume that the limitations period tolled during the pendency of the second post-conviction petition (*i.e.*, from May 22, 1997 to March 31, 1999), at least five months accrued prior to the filing of that petition and approximately ten months passed from its termination to the filing of the *habeas* petition. Since this adds up to more than one year, petitioner understandably does not urge us to accept December of 1996 as the trigger date.

file his *habeas* petition. Having filed on January 21, 2000, petitioner concludes that he beat the deadline with two months to spare.

Even if we accept June 15, 1998, as the commencement date, as petitioner unconvincingly urges us to do, we must dismiss the *habeas* petition unless petitioner is also correct about how the AEDPA's tolling apparatus works here. He is not. Under the tolling provision, only those state post-conviction proceedings that are "properly filed" operate to suspend the limitations period. 28 U.S.C. § 2244(d)(2). The question, then, becomes whether petitioner's second post-conviction petition was properly filed. The answer is no, according to a triad of recent Seventh Circuit decisions. *See* Jefferson v. Welborn, 2000 WL 862846 (7th Cir. Jun. 29, 2000); Freeman v. Page, 208 F.3d 572 (7th Cir. 2000); Tinker v. Hanks, 172 F.3d 990 (7th Cir. 1999). In Freeman, the court sketched out a simple test:

> Whether a collateral attack is "properly filed" can be determined in a straightforward way by looking at how the state courts treated it. If they considered the claim on the merits, it was properly filed; if they dismissed it for procedural flaws such as untimeliness, then it was not properly filed.

208 F.3d at 576. Thus, the Seventh Circuit has adopted an objective approach to the issue. *Id.* Furthermore, in Freeman the court aligned itself with other circuits by specifically holding that untimely post-conviction petitions are not considered properly filed within the meaning of 28 U.S.C. § 2244(d)(2). *Id.* at 574 (collecting cases). This speaks directly to the case at hand. Petitioner's second post-conviction petition, filed nearly 18 years after his conviction, was dismissed as untimely by the circuit court. The Illinois Appellate Court affirmed that ruling, holding that the post-conviction petition was not filed within the time limits set by 725 ILCS

5/122-1.³  The Illinois Supreme Court denied leave to appeal without comment. The instructions of <u>Tinker</u>, <u>Jefferson</u>, and especially <u>Freeman</u> are clear in these circumstances. Having been dismissed in state court as untimely, the post-conviction petition was not properly filed under 28 U.S.C. § 2244(d)(2) and therefore cannot operate to toll the one-year limitations period. *See* <u>Draper v. Page</u>, 2000 WL 876139, at *4-5 (N.D. Ill. Jun. 29, 2000) (refusing to toll *habeas* limitations period where the state courts had dismissed the post-conviction petition as untimely); <u>Johnson v. People</u>, 1999 WL 754688, at *3-4 (N.D. Ill. Sep. 10, 1999) (same). Accordingly, petitioner was required to file his federal *habeas* petition by June 15, 1999, at the very latest. He did not. Petitioner came to our doors too late and so we must dismiss his petition as time-barred.

## CONCLUSION

For the reasons set forth above, the petition for *habeas corpus* is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

August 15, 2000.

---

³The state courts rejected the petition as untimely, but went on to list other justifications for dismissal. Since more than one reason was cited, we must make sure that the state courts "clearly and expressly" stated that untimeliness (*i.e.*, a state procedural bar) was the basis for their decision. *See* <u>Jefferson</u>, 2000 WL 862846, at *2 (*quoting* <u>Harris v. Reed</u>, 489 U.S. 255, 263 (1989)). In dismissing the petition the circuit court engaged in a lengthy discussion of 725 ILCS 5/122-1 before holding that the "petition is barred by the limitations period" contained in that state statute (Pet. Exh. 5 at 3-4). Similarly, the Illinois Appellate Court devoted the bulk of its opinion to the timeliness issue and expressly held that the "petition was clearly untimely under [725 ILCS 5/122-1]" (Pet. Exh. 8 at 3). We are satisfied that the state courts dismissed petitioner's second post-conviction petition because it was untimely.